UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
GAIL LITTLE,

                Plaintiff,

      – against –

MICHAEL ASTRUE,
Commissioner of Social Security,

                Defendant.
------------------------------------------------x

05 Civ. 0084 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/09

        This is an appeal of a decision by the Social Security Administration denying plaintiff's application for disability insurance benefits. The Commissioner[1] moves to remand the action to the SSA. Plaintiff opposes the motion and cross-moves for judgment on the pleadings. The Commissioner's motion is granted. Plaintiff's motion is denied.

        Plaintiff filed an application for benefits on November 26, 2002. After the application was denied, plaintiff requested a hearing before an administrative law judge, who found that plaintiff was not disabled. The ALJ found that plaintiff experienced lower back pain, arthritis, diabetes, and depression, among other things, but determined that she was not

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Astrue is substituted as the defendant in this lawsuit for former Commissioner Jo Anne Barnhart.

disabled because her impairment was not sufficiently severe. The Appeals Council declined to review the ALJ's decision.

As the Commissioner has conceded, the ALJ's decision was based on an erroneous legal standard, since it failed to give proper weight to the opinions of plaintiff's treating physicians. The dispute here therefore concerns the proper remedy. The Commissioner seeks a remand so that the ALJ can properly consider the opinions of plaintiff's treating physicians. Plaintiff, however, asks the court to grant her judgment on the pleadings, awarding benefits and remanding the matter only for a calculation of the amount of benefits due.

If the court finds an error in the ALJ's decision, one of two remedies is generally applied. When "there are gaps in the administrative record or the ALJ has applied an improper legal standard," a court may remand a matter to the SSA in order to allow "further development of the evidence." Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). Alternatively, when "the record provides persuasive proof of disability," a court may reverse the SSA's determination and order that benefits be paid, remanding only for the calculation of the amount of benefits. Id.

The present record does not provide sufficient proof of plaintiff's disability for the court to grant judgment on the pleadings. Plaintiff makes much of the opinions of her treating physicians, but these opinions alone do not provide sufficient detail to support her claim.

First, plaintiff's psychiatrist, Dr. Pierre, opined that plaintiff suffered from certain mental impairments, but he did not express an opinion as to whether this would constitute "marked" difficulty, as required to demonstrate sufficient mental impairment. Second, Dr. Emmanuel's opinion that plaintiff cannot engage in "prolong[ed]" sitting does not contain sufficient detail to enable the court to determine how long plaintiff could sit during a work day. Based on the present record, it is, for instance, conceivable that plaintiff could do work that required her to sit all day but allowed for sufficient breaks during the day. See Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004).

Therefore, this matter is remanded to the SSA to allow further development of the evidence, specifically with regard to the following issues. First, the ALJ should examine the nature of the relationships between plaintiff and her treating physicians and, therefore, whether to give controlling weight to their opinions. Second, the record would benefit from more specifics about the degree of difficulty that the treating physicians believed plaintiff would experience. Third, plaintiff has pointed to a variety of medical records that the ALJ should have attempted to obtain during the initial hearing, which plaintiff contends would substantiate her claim of disability and should therefore be obtained by the ALJ on remand.

The SSA is further ordered to schedule a hearing regarding these issues within 120 days of this order. Although the court has considered

the Commissioner's arguments against the imposition of a deadline, those arguments were considered and rejected by the Second Circuit in Butts v. Barnhart, 416 F.3d 101 (2d Cir. 2004).

      The Commissioner's motion is granted. Plaintiff's motion is denied.

      SO ORDERED.

Dated: New York, New York
       May 6, 2009

Thomas P. Griesa
U.S.D.J.